**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 12th day of May, 2016.**



_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

**In re:**

| | |
|---|---|
| **Asset Resolution Corp.,** | **Case No. 12-22932** |
| **Debtor.** | **Chapter 7** |

### MEMORANDUM OPINION AND ORDER DISMISSING CASE

The matter before the Court arises from this Court's issuance of an order to show cause[1] why Asset Resolution Corp.'s case should not be dismissed for cause under 11 U.S.C. § 707(a)[2] or certain claims abandoned under § 554.[3] The parties filed pleadings and oral arguments were held on April 17, 2015.[4] The parties have not shown why the case should not be dismissed for cause under § 707(a). The Court finds that the objectives of the Code are not met by continuing the case and the interests of the creditors are best served through dismissal.

---

[1] Doc. 196.
[2] All future statutory references are to the Bankruptcy Code (Code), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), 11 U.S.C. §§ 101–1532, unless otherwise specifically noted.
[3] Trustee, Eric C. Rajala, appears in person. Combat Brands LLC, Exemplar Holdings, and Greg Orman appear by their attorney, Mark A. Shaiken. Everlast World's Boxing Headquarters Corporation appears by its attorneys, Alan M. Feld and Jed R. Schlacter.
[4] The Court heard oral arguments addressing the Trustee's motion for an intended compromise and § 105(a) injunction and considered the parties' pleadings in response to this Court's show cause order.

16.05.12 Order Dismissing Case

## VENUE AND JURISDICTION

This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by 28 U.S.C. § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013.[5] Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The parties do not object to venue or jurisdiction.

## BACKGROUND[6]

John Brown (Brown) founded Ringside, Inc. (Asset Resolution Corp.), in 1977. Ringside manufactured and sold boxing and fitness equipment for several decades.

In 2009 and 2010, Ringside and Everlast World's Boxing Headquarters Corporation[7] (Everlast) entered into several licensing agreements. Ringside agreed to make royalty payments to Everlast in exchange for use of Everlast trademarks. In early 2012, Ringside defaulted on multiple obligations, including royalty payments to Everlast. As a result, Everlast terminated the licensing agreements on June 14, 2012.

In late 2010 or early 2011, Brown hired Greg Orman (Orman) of Exemplar as a business consultant to help find purchasers or investors for Ringside. Orman formed Combat on June 19, 2012, and Brown formed RAL, LLC (RAL) on June 21, 2012. On June 25, 2012, Ringside sold the bulk of its assets to Combat, including inventory, intellectual property, and the ringside.com website (the Sale).

---

[5] D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2016).
[6] The material facts are not disputed.
[7] Everlast designs, manufactures, licenses, and markets boxing, mixed martial arts, and fitness related sporting goods.

16.05.12 Order Dismissing Case                                                                                     2

On July 9, 2012, Everlast filed a complaint against Ringside, Combat, and RAL in the United States District Court for the Southern District of New York[8] (the District Court Action), alleging that the Sale was not made in good faith or for reasonably equivalent value and that Combat continued selling licensed products in violation of Everlast's trademarks and licensing agreements. Everlast asserted numerous causes of action against defendants, ranging from breach of contract to trademark infringement, including claims against Combat and RAL based on alter-ego, successor liability, and de facto merger. The District Court Action was transferred to the United States District Court for the District of Kansas in July 2012.[9]

On October 29, 2012, Ringside filed a Chapter 11 petition as Asset Resolution Corp. The case was converted to Chapter 7 on May 7, 2013. Eric C. Rajala was appointed as the Chapter 7 Trustee (Trustee) and the Law Office of Eric C. Rajala was appointed as counsel for the Trustee on July 11, 2013. The Trustee engaged Vincent F. O'Flaherty (O'Flaherty) to investigate the circumstances surrounding the Sale and to determine whether the Trustee had any claims against Combat Brands, LLC (Combat), Exemplar Holdings, LLC (Exemplar), Orman (collectively, the Combat Parties), Ringside, and RAL. The Trustee and O'Flaherty investigated whether:

> (i) Premier Bank [Debtor's main prepetition secured lender] and its successor failed to perfect and continue its perfection in the personal property assets of Ringside; (ii) Combat was the alter ego of Ringside and therefore had liability for the debts of Ringside; (iii) the [] Sale could be avoided pursuant to §§ 544–550 of the [] Code; (iv) the Combat Parties were successors to Ringside and therefore had liability for the debts of Ringside; (v) the Combat Parties violated duties they owed to Ringside and its creditors when they pursued the [] Sale after they had consulted for and provided advice to Ringside; (vi) the Combat Parties were liable for some or all of the debts or contractual obligations of Ringside; and (vii) any other claims the Trustee could make against the Combat Parties (collectively, the "Claims").[10]

---

[8] Case No. 12-cv-5297-PAE.
[9] Everlast World's Boxing Headquarters Corporation v. Ringside, Inc. et al., Case No. 13-cv-2150.
[10] Doc. 203, at 1–2.

The Trustee and O'Flaherty determined the estate could not pursue the Claims and entered into a settlement agreement. On January 16, 2015, the Trustee filed a motion for approval of a proposed agreement with the Combat Parties and entry of a permanent injunction.[11] The proposed agreement provided that in exchange for $30,000, the Trustee would release all Claims he could make against the Combat Parties and it enjoined all creditors and parties in interest from pursuing the same. Everlast objected to the motion. At the hearing on the motion, the Trustee reported that he did not have any credible claims against Ringside, Combat, or RAL, and that the Claims have no value.

On August 5, 2015, this Court denied the Trustee's motion to approve the settlement and directed the Trustee and parties in interest to show cause why the Claims that the Trustee asserts are valueless, should not be abandoned, or why the bankruptcy case should not be dismissed (the Denial Order).[12]

On August 10, 2015, the Trustee and the Combat Parties (collectively, the Appellants) jointly appealed the Denial Order to the United States Tenth Circuit Bankruptcy Appellate Panel (the BAP). That same day, the BAP issued an order to show cause why the appeal should not be dismissed as interlocutory. On August 24, 2015, Appellants filed a response to the BAP's show cause order and a contemporaneous Fed. R. Bankr. P. 8004 motion for leave to appeal. On August 31, 2015, Appellee filed a reply to the BAP's show cause order and elected to have the appeal heard by the United States District Court for the District of Kansas. The BAP transferred the appeal on September 9, 2015, to the United States District Court for the District of Kansas, leaving the interlocutory issue untouched.

---

[11] Doc. 177.
[12] Doc. 196.

On January 21, 2016, the United States District Court for the District of Kansas denied the Combat Parties and the Trustee's motion for leave to appeal an interlocutory order and dismissed the appeal as interlocutory.[13] The District Court stated that the Denial Order

> . . . sets out alternative, further steps needed to conclude the bankruptcy case. The Trustee admits that his claims against the Combat Parties are meritless and valueless. Thus, they will eventually be abandoned, whether compelled under § 554(b) or naturally at the time of the closing under § 554(c). The show cause order simply hastens the administration and liquidation of the estate.[14]

Pending resolution of the Denial Order's appeal, the Trustee filed a response to this Court's show cause order requesting the Court refrain from entering an order abandoning the Claims or dismissing the case.[15] The Trustee noted that he was "still pursuing administration of the Claims to yield value to the estate" and that "[a]t the time of the Denial Order, there was and is neither a pending motion to dismiss the bankruptcy case under § 707(a) . . . nor a motion to abandon the Claims under § 554(a) . . . ."[16] The Trustee argued that he "has located no published cases in which a bankruptcy court has ordered, *sua sponte*, the abandonment of an asset, let alone an asset that the Trustee is pursuing"[17] and "only two published cases in which the court dismissed, *sua sponte*."[18] The Trustee also alleged that "the Court appears to be of the view that the Claims are worth more than $30,000.00. . . . [and] contends that, if in fact the Claims are worth more than $30,000.00, they are neither valueless nor burdensome."[19] This argument misconstrues this Court's prior ruling; this Court was and remains of the opinion that the Claims are worthless. What the Trustee proposed was in effect to sell a third-party injunction. The

---

[13] United States District Court for the District of Kansas, Case No. 15-cv-09255-JTM, Doc. 3.
[14] Doc. 207, at 5.
[15] Doc. 203.
[16] *Id.* at 2 ¶ 8.
[17] *Id.* at 2 ¶ 9.
[18] *Id.* at 3 ¶ 10.
[19] *Id.* at 3 ¶ 11.

16.05.12 Order Dismissing Case 5

Combat Parties joined the Trustee's response to the Court's show cause order, requesting the Court refrain from entering an order abandoning the Claims or dismissing the case.[20]

Everlast filed a reply to the Trustee's response, requesting that the Claims be deemed abandoned, or the case dismissed.[21] Everlast contends that the Trustee's argument that he is still pursuing administration of the Claims contradicts his prior position that the Claims were worthless.[22] Everlast asserts that "[t]he Trustee's own actions and positions demonstrate that he believes the subject claims to be *both* burdensome to the estate and of inconsequential or no value."[23] Everlast takes the position that the Court has the ability to *sua sponte* raise abandonment and dismissal, stating that "this response also serve[s] as an informal motion by Everlast (i) for an order deeming the subject claims abandoned or in the alternative, (ii) for dismissal of the Bankruptcy case for cause."[24]

This Court has considered extensive pleadings and oral arguments in this case, including, the Trustee's motion to approve a proposed compromise and a § 105(a) injunction.[25] This Court denied the Trustee's motion and ordered the parties to show cause why abandonment or dismissal was not appropriate.[26] Contrary to the Trustee's argument, this Court did not *sua sponte* dismiss this case, but provided the parties an opportunity to show cause why dismissal is not appropriate. The parties have filed their responses, and an additional hearing was not requested. This Court has afforded the parties sufficient due process in a case that is well into its fourth year.

---

[20] Doc. 204.
[21] Doc. 205.
[22] *Id.* at 1.
[23] *Id.* at 2 (emphasis in original).
[24] *Id.* at 2–3.
[25] Doc. 177.
[26] Doc. 196.

On March 16, 2016, the Trustee filed a supplemental response to the Court's show cause order, stating that he is holding estate property consisting of a $2,416.67 bank deposit that represents the net proceeds of the former debtor-in-possession's DIP account.[27] The Trustee requests use of the funds to pay his duly appointed accountant for preparing the estate's federal and Kansas income tax returns. The Trustee asserts these funds are sufficient to compensate the accountant and they should not be abandoned.

## LAW

Section 105(a) provides:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Section 330 provides:

(a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee . . . or a professional person employed under section 327 or 1103—
    (A) reasonable compensation for actual, necessary services rendered by the trustee, . . . professional person . . . ; and
    (B) reimbursement for actual, necessary expenses.

Section 554(c) provides:

Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor . . . .

Section 707 provides:

(a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—
    (1) unreasonable delay by the debtor that is prejudicial to creditors;
    (2) nonpayment of any fees or charges required under chapter 123 of title 28; and

---

[27] Doc. 209.

(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.

Chapter 7 of the Code permits the Court to dismiss a case "for cause" under § 707(a). Further, § 105(a) allows the Court to *sua sponte* dismiss a case "for cause" under § 707(a).[28] The Court may dismiss a case under Chapter 7 "only after notice and a hearing and only for cause . . . ."[29] Cause is not defined under the Code, but courts considering dismissal agree that cause minimally requires a debtor's creditors not be prejudiced.[30] "[L]egislative history makes it clear that the three subsections of § 707(a) are merely illustrative, rather than exclusive, examples of cause."[31] To decide whether cause exists for dismissal, the Court must analyze

> . . . all of the facts and circumstances leading up to the filing of this case to include the debtor's motive in filing the case, the purposes which will be achieved in this case, and whether the debtor's motive and purposes are consistent with the purpose of chapter 7, that is, to provide an honest debtor with a fresh start in exchange for the debtor's handing over to a trustee all of the debtor's non-exempt assets for liquidation for the benefit of the debtor's creditors.[32]

The determination of "cause" under "for cause" dismissal turns on the totality of the circumstances.[33] "A Chapter 7 case may also be dismissed for other reasons which constitute cause."[34] However, even if cause exists, the Court should not dismiss the case if there is a showing of prejudice to creditors.[35] The inquiry must consider "*all* parties in interest, not just

---

[28] *In re* Jakovljevic-Ostojic, 517 B.R. 119, 125 (Bankr. N.D. Ill. 2014). *See also Matter of* Jones, 1990 WL 300922, at * 1 (Bankr. N.D. Ind. Sept. 13, 1990) (finding that pursuant to § 105(a), "the bankruptcy court may dismiss cases *sua sponte* where to do [so] perpetuates the proper use of the bankruptcy mechanism" quoting *In re* Ray, 46 B.R. 424, 426 (S.D. Ga. 1984)); Tennant v. Rojas (*In re* Tennant), 318 B.R. 860, 869 (B.A.P. 9th Cir. 2004) ("The court can dismiss a case sua sponte under Section 105(a).").
[29] 11 U.S.C. § 707(a).
[30] *In re* Stairs, 307 B.R. 698, 702 (Bankr. D. Colo. 2004).
[31] *In re* Cleland, 150 B.R. 63, 64–65 (Bankr. D. Kan. 1992) (citations omitted).
[32] *In re* Bilzerian, 258 B.R. 850, 857 (Bankr. M.D. Fla. 2001), *aff'd*, 276 B.R. 285 (M.D. Fla. 2002), *aff'd sub nom.* Bilzerian v. SEC, 82 F. App'x 213 (11th Cir. 2003).
[33] *In re* Kaur, 510 B.R. 281 (Bankr. E.D. Cal. 2014).
[34] *Cleland*, 150 B.R. at 65 (citing *In re* Campbell, 124 B.R. 462, 464 (Bankr. W.D. Pa. 1991)).
[35] *In re* Maixner, 288 B.R. 815 (B.A.P. 8th Cir. 2003); *In re* Foster, 316 B.R. 718 (Bankr. W.D. Mo. 2004).

one creditor constituency . . . . [T]he pool of interested parties must also include the estate itself."[36] "[A] debtor's lack of good faith is a valid cause for dismissal."[37] The Court may dismiss the Chapter 7 case "if judicial economy would be furthered with no substantial detriment to the debtor or creditors."[38] "Ultimately, the decision to dismiss a Chapter 7 case for cause rests within the sound discretion of the bankruptcy court."[39]

## ANALYSIS

Here, there is no reason for Asset Resolution to remain in Chapter 7. This is not a Chapter 7 case filed to maximize value for creditors, corporations do not receive a discharge,[40] the Debtor has no business to reorganize, and there are no assets for the Trustee to liquidate. The circumstances of this case suggest Asset Resolution is employing the instant bankruptcy case as a litigation tactic to delay adjudication of the District Court Action, for the benefit of not only the Debtor, but also the Combat Parties. Debtor is not pursuing a fundamental Chapter 7 bankruptcy purpose—liquidating assets for the benefit of creditors. Thus, dismissing the instant case does not prejudice estate creditors.

The Trustee argues that he is still pursing administration of the Claims to yield value to the estate. However, the facts do not support this finding. The Trustee previously admitted that the "he had no credible Claims he could pursue against the Combat Parties . . ."[41] Further, "[t]he Trustee has determined that it would not be in the best interests of the estate or its creditors to

---

[36] *Kaur*, 510 B.R. at 286 (emphasis in original). Notably, this would include the estate's administrative expenses.
[37] 6 COLLIER ON BANKRUPTCY ¶ 707.03[2], at 707-19 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2016).
[38] *Id.* at 707-18.
[39] *Kaur*, 510 B.R. at 286. *See also Cleland*, 150 B.R. at 65 (quoting *Matter of* Atlas Supply Corp., 857 F.2d 1061, 1063 (5th Cir. 1988)).
[40] § 727(a)(1). *See also In re* CCR Fin. Planning, Ltd., 199 B.R. 347, 349 (Bankr. E.D. Va. 1996) ("corporate debtors do not receive a discharge under § 727").
[41] Doc. 177, at 3 ¶ 10.

pursue Claims against the Combat Parties . . . ."[42] In fact, this admission was the basis for the proposed settlement agreement.

As set out in the Court's Denial Order,[43] a § 105(a) injunction is not an asset of the bankruptcy estate that can be sold. Section 105(a) third-party injunctions are issued only in the rare circumstance that there is an extraordinary benefit to the estate and unsecured claimants. Some courts allow nonconsensual third-party releases when "the recipient was making a substantial contribution to the debtor's case."[44] A $30,000 settlement in exchange for a global injunction does not produce an extraordinary or substantial benefit to the estate and unsecured claimants.

Finally, courts may dismiss Chapter 7 cases contingent on the debtor paying outstanding administrative claims.[45] The Trustee's accountant acted properly for the estate and should not be compelled to absorb the related unpaid expenses of that administration. Filing federal and Kansas income tax returns was necessary to the administration of the estate and payment of the accountant does not discriminate against the estate's creditors. The Trustee asserts he is holding $2,416.67 in estate funds that are sufficient to compensate his accountant. Thus, the Trustee shall pay his accountant $2,416.67 as an administrative claim pursuant to § 330(a)(1) within 30 days of the entry of this order. To the extent necessary, the Trustee should coordinate payment to the accountant with the United States Trustee; however, such payment need not be approved by this Court.[46]

## CONCLUSIONS OF LAW

---

[42] Doc. 177, at 4 ¶ 16.
[43] Doc. 196.
[44] Matt Chiappardi, *Bankruptcy Judges Beginning To Sour On Third-Party Releases*, http://www.law360.com/articles/778601/bankruptcy-judges-beginning-to-sour-on-third-party-releases.
[45] *Cleland*, 150 B.R. at 65; *Kaur*, 510 B.R. at 289; *In re* Chavez, 157 B.R. 30, 32 (D. Colo. 1993) (permitting dismissal subject to the payment of the trustee's administrative expenses); *In re* Bancroft Laundry Ctr., Inc., 164 B.R. 586 (Bankr. N.D. Ohio 1994); *In re* Todd, 2015 WL 5042116, at *5 (Bankr. N.D. Ga. Aug. 6, 2015).
[46] *Kaur*, 510 B.R. at 289.

The Court finds that these circumstances furnish sufficient cause to justify dismissal of this case under § 707(a).  The Trustee shall pay $2,416.67 as administrative fees and expenses of the estate to his accountant within 30 days of the entry of this order.  Upon expiration of 30 days from the date of entry of this order, this case shall be deemed dismissed.

**IT IS SO ORDERED.**

###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS